**Thomas J. PAPATHOMAS, Appellant,**

v.

**Robert PIRIE, Secretary of the Navy, Appellee.**

**No. 99–1553.**

United States Court of Appeals, Federal Circuit.

Jan. 30, 2001.

Rehearing Denied March 7, 2001.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Thomas J. Papathomas, appearing *pro se*, appeals the decision of the Armed Services Board of Contract Appeals (the "Board"), ASBCA No. 51352, Contract No. N62745–92–C–3106, denying portions of his requested compensation for costs incurred due to government delay with respect to a contract for work at the NATO Missile Firing Installation facilities near Souda on the island of Crete, including site improvements and renovation of certain buildings in the billeting area. The Board recognized 144 days of government-caused delay, and awarded 6,128,232 drachmas for costs related to the general manager's salary, the extended performance bond, and home office rent.

Mr. Papathomas brings this appeal for six areas of delay costs for which the Board denied compensation; specifically, losses due to a forfeited subcontractor deposit, losses based on currency devaluation and the Greek inflation rate, labor cost increases during the extended period of performance, and field and home office overheads due to the delay. The Board denied these costs, based primarily on findings of inadequate proof of the costs or their relationship to specific periods of United States government-caused delay (as contrasted with Greek government-caused delay).

Board decisions on questions of fact "shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b).

On this appeal Mr. Papathomas remarks that "we do not have perfect accounting systems" and "we do transact business in a different manner from what a businessman in the [United] States would," pointing out, for example, that "[p]ayments are made mostly in cash." Our review supports Mr. Papathomas' position that the Board applied traditional American criteria of proof. However, although rigorous in its criteria, we are not persuaded that the Board was fundamentally unfair or that its decision did not represent a reasonable balance of considerations. We have carefully reviewed the record provided, and conclude that the Board's decisions as to the appealed claims

for additional compensation were not arbitrary, and were supported by substantial evidence. They must be *affirmed.*[1]

No costs.

This court's jurisdiction to review Veterans Court decisions extends only to presenting an alternate ground of sustaining a judgment, as the government argues, but a challenge to the decision itself. Such a challenge requires appeal, or is waived.

The motions of both parties relating to this issue are denied as moot, for this aspect of the Board's decision is not before us for appellate consideration.

---

1. No appeal was taken by Mr. Papathomas, and no appeal or cross-appeal by the government, of the Board's decision that there were 144 days of government-caused delay. In its responding brief the government now argues this issue at length. It was improper to put Mr. Papathomas to the burden of defending, in his reply brief, a decision that had not been appealed by either side. This is not a matter of